IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JIMMY RAY TEEMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:17-cv-171 (MTT) |
| | ) | |
| HUGH V. WINGFIELD, III, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends that the Defendants' motion to dismiss be **GRANTED** as to the Plaintiff's claims for equitable relief and **DENIED** as to the Plaintiff's claims for damages. Doc. 36 at 3-6. The Plaintiff has objected to the Recommendation, and the Defendants have not objected. *See* Doc. 39. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed de novo those portions of the Recommendation to which the Plaintiff objects. The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 36) is **ADOPTED** and made the order of the Court. Accordingly, the Defendants' motion to dismiss (Doc. 20) is **GRANTED** as to the Plaintiff's claims for equitable relief, and those claims are **DISMISSED** without prejudice. The Defendant's motion to dismiss (Doc. 20) is **DENIED** as to the Plaintiff's claims for damages. Because the motion to dismiss has been resolved, the stay on discovery is lifted.

Additionally, the Plaintiff has moved for reconsideration of the Court's Order (Doc. 19) adopting the Magistrate Judge's earlier Recommendation (Doc. 8) to dismiss the Plaintiff's habeas corpus claims and Georgia Open Records Act claims. Doc. 26. For the following reasons, that motion (Doc. 26) is **DENIED**.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Specifically, the Plaintiff objects that the Court overlooked his claim for conspiracy to deprive him of his civil rights secured by the First, Fifth, and Fourteenth Amendments. Doc. 26-1 at 4. As the Magistrate Judge described those claims,

> The present action arises out of an application for writ of habeas corpus Plaintiff filed in the Superior Court of Baldwin County in September 2013. According to Plaintiff, the judges presiding over that action conspired with the Assistant Attorneys General assigned to represent the state of Georgia, his appellate attorney, his trial attorney, and other individuals to deny his state habeas corpus application. Plaintiff alleges that, motivated by a discriminatory intent, the defendants deliberately impeded his right to

meaningful access to the courts, with the specific intent to cause him actual injury.

Doc. 8 at 5 (citations omitted). After describing specific allegations, such as the state court's granting of a continuance and the Plaintiff's late receipt of subpoena forms, the Magistrate Judge described the Plaintiff's claim as "alleg[ing] that the actions described above were done intentionally for the purpose of denying Plaintiff due process in light of his pro se status." *Id.* at 7. Because the alleged constitutional claims were "inextricably intertwined with the [state court's] decision, in judicial proceedings, to deny [Plaintiff's] [habeas] petition," the Magistrate Judge recommended dismissing them as barred by the *Rooker-Feldman* doctrine. *Id.* at 10 (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)).

The Magistrate Judge also noted that, in the alternative, the Plaintiff's claims against Sims, Smith, Judge Wingfield, and Judge Prior were barred by prosecutorial or judicial immunity. Doc. 8 at 12-15. The claims against Defendants Erickson, Lyon, and Haldi were also barred by the statute of limitations. *Id.* at 15.

Despite the Magistrate Judge's granting him a thirty-day extension, the Plaintiff did not file an objection to the Recommendation. Doc. 14. The Court adopted the Recommendation on March 26, 2018, and the Plaintiff moved for reconsideration on June 5, 2018.

The Plaintiff has not pointed to any intervening change in law or new evidence to support his motion for reconsideration. Nor has the Plaintiff shown clear error: his claims have been fully considered, and the Court continues to agree with the Recommendation (Doc. 8) and the Order adopting it (Doc. 19). Furthermore, if the Plaintiff did have any new, meritorious arguments supporting his dismissed claims,

which he does not, those arguments should have been made as objections to the Recommendation and have been waived. For the reasons above, the Plaintiff's motion for reconsideration (Doc. 26) is **DENIED**.

**SO ORDERED**, this 6th day of February, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT