# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| JIMMY RAY TEEMS, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:17-CV-171 (MTT) |
| | ) | |
| HUGH V. WINGFIELD, III, *et al.,* | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Plaintiff Jimmy Ray Teems has filed an application to appeal in forma pauperis. Doc. 42. That motion is **DENIED**.

The Plaintiff seeks to appeal the Court's Order of February 6, 2019 (Doc. 40). Doc. 41. That Order adopted the Magistrate Judge's Recommendation (Doc. 36) to grant in part and deny in part the Defendants' motion to dismiss (Doc. 20), and it denied the Plaintiff's motion for reconsideration (Doc. 26) of the Court's earlier Order (Doc. 19) adopting the Magistrate Judge's Recommendation on preliminary screening (Doc. 8). Doc. 40. The Plaintiff also seeks to appeal the Magistrate Judge's Order granting in part and denying in part the Plaintiff's motion to amend (Doc. 36 at 3). Doc. 41.

Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action,

defense or appeal and affiant's belief that the person is entitled to redress.
. . .
(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows . . . the party's inability to pay or to give security for fees and costs;
(B) claims an entitlement to redress; and
(C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. The Plaintiff's affidavit, in which he states he has no income from any sources, and his trust account statement, which states he has $59.00 of spendable money, adequately demonstrate the Plaintiff's inability to pay the appellate filing fee of $505.00. Docs. 42; 42-1 at 1.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In

deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although the Plaintiff has not submitted a statement of the issues he intends to appeal, as is required under Fed. R. App. P. 24(a)(1)(C), this Court's independent review of the issues addressed in the Report and Recommendation regarding the Defendants' motion to dismiss and Order regarding the Plaintiff's motion to amend (Doc. 36), the Plaintiff's Objection to that Recommendation (Doc. 39), the Court's Order (Doc. 40) adopting the Recommendation and denying reconsideration, the Plaintiff's motion for reconsideration (Doc. 26), and the Court's Order (Doc. 19) adopting the Magistrate Judge's earlier recommendation, demonstrates that the Plaintiff's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff).

In addition to the appeal's substantive frivolity, the appeal may be barred because the Court has not yet entered judgment, and the Order (Doc. 40) adopting the Recommendation and granting in part the motion to dismiss resolves some, but not all, of the Plaintiff's claims. Doc. 40 at 1. An order resolving fewer than all the claims in a lawsuit is not a "final decision" and is not appealable under 28 U.S.C. § 1291. *See* 28 U.S.C. § 1291; Fed. R. Civ. P. 54(b). Nor is an order denying leave to amend a final decision. *See Stile v. Somerset Cty.*, 2017 WL 3623928, at *1 (1st Cir. July 19, 2017) ("[D]enial of a request to amend a complaint is not usually appealable as an

interlocutory matter") (quotation marks and citation omitted); *DeNubilo v. United States*, 343 F.2d 455, 456–57 (2d Cir. 1965) ("An order denying leave to amend a complaint is not a 'final decision' within the meaning of 28 U.S.C. § 1291; the 'collateral order' doctrine . . . does not apply."). Additionally, the Plaintiff has not argued any basis for an interlocutory appeal pursuant to 28 U.S.C. § 1292, and the Court can find none.

For those reasons, the appeal is not brought in good faith. The Plaintiff has raised no issues with arguable merit. Consequently, the Plaintiff's application to appeal in forma pauperis (Doc. 42) is **DENIED**.

If the Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because the Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the prison account custodian where the Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to the Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which the Plaintiff is incarcerated.

**SO ORDERED**, this 3rd day of April, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT